IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AFFILIATED HEALTH CARE ASSOCIATES, P.C., on behalf of plaintiff and class members defined herein, <br><br> Plaintiff, <br><br> v. <br><br> MEDVERSANT TECHNOLOGIES, LLC, and HEALTHWAYS WHOLEHEALTH NETWORKS, INC., and JOHN DOES 1-10, <br><br> Defendants. | Case No. 1:14-cv-10247 <br><br> Honorable Virginia M. Kendall |

**Declaration of Scott Z. Zimmermann in Support of Edward Simon's (1) Motion to Intervene; and (2) Motion to Stay**

I, Scott Z. Zimmermann, declare:

1. I am an attorney duly licensed to practice by the State Bar of California and am a member of the General Bar of this Court. I am co-lead counsel, with Darryl Cordero of Payne & Fears LLP, representing named plaintiff Edward Simon and the putative class in *Simon v. Healthways, Inc., Healthways WholeHealth Network, Inc. and Medversant Technologies, LLC*, Case No. 2:14-cv-08022-BRO-JC (filed September 16, 2014), pending in United States District Court for the Central District of California. The facts stated in this declaration are of my own personal knowledge and, if called and sworn as a witness, I could and would competently testify with respect thereto. I submit this declaration in support of Simon's concurrently filed motion to intervene and motion to stay this action.

2. This declaration addresses my background and experience handling complex

1

litigation (including class actions for violations of the federal anti-junk fax law) and the status of the Simon action.

**Legal Background and Experience in Junk Fax Class Actions**

3. I am a 1977 graduate of the UCLA School of Law. Upon graduation, I clerked for the Honorable Clarke E. Stephens, Justice of the California Court of Appeal, for one year.

4. After my clerkship with Justice Stephens, in 1978, I joined the well-regarded Los Angeles law firm of Pacht, Ross, Warne, Bernhardt & Sears. I was made a partner of the Pacht, Ross firm in 1984, in the minimum amount of time for an associate to make partner. Later, I founded two law firms. I am currently a solo practitioner.

5. Since 1978, my law practice has focused on complex business litigation. I have handled these types of cases in state and federal trial and appellate courts and in arbitration, in nearly every substantive area except for anti-trust and family law.

6. I have handled numerous class actions, including defending companies in wage and hour class actions and in unfair business practice actions. I have also handled class action type cases for plaintiffs. In one such case, I represented all California horse owners who race horses at California race tracks. I obtained a judgment, affirmed on appeal, awarding California horse owners millions of dollars of interest on their race track money accounts, reversing decades-old practices whereby race tracks used such money as their own.

7. Since 1999, I have continuously handled plaintiff class actions involving the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), amended in 2005 by the Junk Fax Prevention Act of 2005 ("JFPA"). I have extensively studied and am intimately

familiar with and knowledgeable about the TCPA/JFPA, the orders and regulations by the Federal Communications Commission ("FCC") under the Act, and the leading judicial decisions regarding the Act.

8. I had the privilege of representing the plaintiff class in a TCPA action entitled *Kaufman v. ACS Systems, Inc., et al.* The *Kaufman* case included a successful appeal by plaintiffs that resulted in a 2003 published opinion that can be found at 2 Cal. Rptr. 3d 296. The Court of Appeal decision in the *Kaufman* case is the leading TCPA case in California. The decision established a number of important precedents, including: (1) that no California enabling legislation is necessary to bring a private TCPA claim in a court of the state; (2) that a private TCPA case can be brought as a class action; (3) that the TCPA does not violate the First Amendment; and (4) that the TCPA does not impose a constitutionally excessive fine.

9. Upon remand, we successfully moved for class certification in the *Kaufman* case. After class certification was granted, the case was settled on a class-wide, claims-made basis. The *Kaufman* case involved 8,216 class members to whom defendants sent 13,919 fax transmissions. The defendants in *Kaufman* paid over $4 million to settle the matter, and class members who submitted timely and valid claims were paid $500 per fax transmission at issue.

10. Darryl Cordero of the Payne & Fears firm and I have handled a series of TCPA/JFPA class actions since 2006, including: (1) a case involving nearly 100,000 class members settled on a class-wide, claims-made basis (while a motion for certification was pending) through the payment of over $7.5 million by the defendants (*Gibson & Co. Ins. Brokers v. Quiznos Corp., et al.*, C.D. Cal., Case No. CV06-5849 PSG (PLAx)); (2) a case involving 24,000 class members settled on a class-wide, claims-made basis, through the payment of $7.2 million by the defendants (*Universal Health Resources v. MDC Acquisition*

*Co., et al.*, Los Angeles Superior Court, Case No. BC 415244); and (3) a case involving 9,000 class members settled on a class-wide, claims-made basis for over $10 million to be paid by one defendant on behalf of all defendants (*Craftwood II, Inc. v. TOMY International, Inc., et al.*, C.D. Cal., Case No. SACV12-1710 DOC (ANx)) (this case received final approval from the Court on March 2, 2015); and (4) a case involving 80,000 class members for $40 million to be paid by defendants (*Craftwood Lumber Company v. Interline Brands, Inc.*, N.D. Ill., Case No. 11-cv-4462) (this case received preliminary approval from the Court, and a final approval hearing is pending).

11. I endeavor to keep abreast of significant settlements of cases brought under the Act through, among other things, internet searches and communicating with attorneys who practice in the area. Based thereon, I believe that the settlement in *Craftwood v. Interline* referenced above is the third largest in the history of the Act in terms of the dollar amount to be paid by the settling defendants. The two larger settlements were telemarketing cases (the Act covers both faxing and telemarketing), making this settlement, I believe, the largest settlement of a fax advertisement case under the Act.

12. Based on the above, I believe that Mr. Cordero and I have the experience, knowledge and resources to adequately represent and protect the interests of the putative class in the Simon case.

**The Simon Action**

13. On September 16, 2014, Simon filed a class action lawsuit in Los Angeles County Superior Court averring that defendants Healthways, Inc., Healthways WholeHealth Networks, Inc. ("HWHN") and Medversant Technologies, L.L.C. ("Medversant") violated the TCPA, 47 U.S.C. § 227, and regulations promulgated thereunder by the Federal

Communications Commission, by sending, via facsimile transmission, unsolicited advertisements and advertisement that that did not comply with the TCPA's opt-out notice requirements. A true and correct copy of Simon's complaint is attached to Simon's Request for Judicial Notice. Attached as Exhibit 1 to Simon's Complaint is a fax that Simon avers that he received on August 13, 2014 which promotes an e-mail service called "ProMailSource." The defendants removed the case to the United States District Court for the Central District of California.

14. Simon is a Los Angeles-based chiropractor with offices located at 6344 Laurel Canyon Blvd., North Hollywood, CA. I have met Simon at his offices.

15. During one of the parties' Rule 26(f) conference in the Simon action on January 21, 2015, which I attended, counsel for HWHN and Medversant acknowledged that their clients, respectively, successfully transmitted via facsimile in June through August 2014 approximately 5,000 and 36,000 transmissions of ProMailSource" faxes. Counsel for the defendants represented during this conference that the only "mass faxing" conducted by their respective clients were "ProMailSource" faxes transmitted during this period and that none emanated from Illinois. Counsel for Medversant stated to me on February 23, 2015, that the fax broadcasts transmitted by Medversant took place from Medversant's offices in Los Angeles.

16. During the January 21 Rule 26(f) conference referenced above, the topic of Affiliated Health Care's action, Case No. 14-cv-10247 came up. Counsel for the defendants (Tanya Forsheit for Medversant and Stephen Turner for the Healthways defendants[1]) stated

---

[1] Subsequently Mr. Turner and his firm were replaced by attorneys from Jenner & Block LLP.

that they intended to move to stay the Affiliated Health Care's action, but had not decided whether they would move to transfer the Affiliated Health Care action from the Northern District of Illinois to the Central District of California before moving to stay. On February 3 and 23, 2015, Ms. Forsheit repeated that Medversant intended to move to stay the Affiliated Health Care action, but had not decided whether to move to transfer the case first. During the February 3 conversation, I told Ms. Forsheit that Simon would join in a motion to stay (or otherwise move to stay) the Affiliated Health Care action and preferred to have the motion to stay brought in the Northern District of Illinois.

17. The Simon action has progressed significantly over the last five months. Defendants have answered Simon complaint, and the parties have exchanged initial disclosures and completed their Rule 26(f) conferences. The Court already issued a scheduling order and set trial for January 25, 2016. The parties are well into discovery. On November 19, 2014 (the same day as counsel's initial Rule 26(f) conference), Simon served interrogatories, requests for admission, and requests for production on each defendant. Medversant responded on December 22, 2014, and Healthways (after extensions were granted) responded on January 12, 2015. On February 20, 2015, following lengthy negotiations, the parties agreed on and filed a stipulation for a protective order relating to the production of documents. On February 23, 2015, Simon's and Medversant's counsel met and conferred at length regarding Medversant's discovery responses, and Medversant has promised to commence its production of documents in Los Angeles during the week of March 2.

18. The day after plaintiff Affiliated Health Care filed its action, I advised Affiliated Health Care's counsel by e-mail that the Simon action had been filed months before and had progressed significantly, and requested that Affiliated not proceed with its later-filed duplicative lawsuit. A true and correct copy of this e-mail is attached hereto as

6

Exhibit A. Affiliated's counsel never responded to my e-mail.

I declare under penalty of perjury that the foregoing is true and correct. Executed March 3, 2015, at Santa Monica, California.

s/ Scott Z. Zimmermann
Scott Z. Zimmermann

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Charles R. Watkins<br>
Charles R. Watkins

**EXHIBIT "A"**

# Hoke, Jennifer

| | |
|---|---|
| **From:** | Scott Zimmermann <szimm@zkcf.com> |
| **Sent:** | Tuesday, December 23, 2014 12:35 PM |
| **To:** | courtecl@edcombs.com; ccombs@edcombs.com; James Latturner (jlatturner@edcombs.com); 'hkolbus@edcombs.com' |
| **Cc:** | Cordero, Darryl; Kennedy, Eric M. |
| **Subject:** | Simon v. Healthways / Affiliated Health v. Medversant |
| **Importance:** | High |

Counsel:

It has come to our attention that Affiliated Health Care Associates, P.C. filed yesterday (December 22, 2014) a putative class action against Medversant Technologies LLC and Healthways WholeHealth Networks, Inc. in the United States District Court for the Northern District of Illinois, Case No. 1:14-cv-10247. We already filed (on September 16, 2014) a putative class action against these defendants (as well as Healthways, Inc.) covering the same operative conduct by the defendants (indeed our action is broader in the operative conduct that it captures). The action, brought by Edward Simon, is pending in the United States Court for the Central District of California, Case No. 2:14-cv-8022 BRO (JCx).

Our action is well into discovery and we believe that it would be detrimental to our case and to the putative class for the Affiliated Health case to proceed. We therefore ask that you dismiss the Affiliated Health case without prejudice forthwith.

Thank you.

Scott Z. Zimmermann
601 S. Figueroa Street
Suite 2610
Los Angeles, CA 90017
Telephone: (213) 452-6509